UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-167-KDB
(5:18-cr-62-KDB-DSC-1)

| | | |
|---|---|---|
| PHYSIQUE DALTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, (Doc. No. 1).

Petitioner pleaded guilty to one count of possession of a firearm by a convicted felon and was sentenced to 60 months' imprisonment followed by three years of supervised release.[1] (5:18-cr-62 ("CR") Doc. No. 29). The Judgment was entered on May 15, 2020.  (Id.). The Fourth Circuit dismissed Petitioner's appeal as untimely on November 8, 2021, Fourth Cir. Case No. 20-4615.

The instant § 2255 Motion to Vacate was docketed just 21 days later on November 29, 2021.[2] (Doc. No. 1). Petitioner asserts claims of ineffective assistance of counsel.

A federal judgment becomes final for purposes of § 2255 "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)).

---

[1] The sentence is consecutive to the sentence imposed in Case No. 5:06-cr-30. (CR Doc. No. 29 at 2).

[2] Petitioner failed to certify the date upon which he submitted the Motion to Vacate to prison authorities for mailing. See Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filing).

1

The time for filing a certiorari petition from the Fourth Circuit's dismissal of Petitioner's direct appeal has not yet expired. See U.S. Sup. Ct. Rule 13 (90 days from entry of the judgment to file a certiorari petition). The Court will, therefore, dismiss the Motion to Vacate as premature without prejudice for Petitioner to file a § 2255 petition after the Judgment becomes final. See Oliver v. United States, 2021 WL 2187952, at *1 (W.D.N.C. May 28, 2021) (dismissing without prejudice a § 2255 petition that was filed before the period to seek certiorari review had expired); Flores-Rojas v. United States, 2010 WL 92437 (W.D.N.C. Jan. 6, 2010) (dismissing a premature § 2255 petition without prejudice).

Moreover, the Court notes that the § 2255 Motion to Vacate, as presently filed, is insufficient to proceed in that it is not verified (signed under penalty of perjury). See Rule 2(b)(5), 28 U.S.C. foll. § 2255; 28 U.S.C. § 1746. Should the Petitioner choose to file a § 2255 petition after his appellate proceedings become final, he must ensure that such is verified and complies with all other timeliness and procedural requirements.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate, (Doc. No. 1), is **DISMISSED** without prejudice as premature.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural

2

ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk of Court is instructed to mail Petitioner a blank § 2255 form and close this case.

Signed: December 2, 2021

Kenneth D. Bell
United States District Judge